## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF TENNESSEE
## WESTERN DIVISION

| | | |
|---|---|---|
| JAMES I. BURLISON, | ) | |
| RODNEY L. WAITS, and | ) | |
| BUFORD O'NEAL TANKERSLEY, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | No.2:07-cv-02151-JPM |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Defendant. | ) | |

## ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION TO DISMISS IN PART, OR IN THE ALTERNATIVE FOR SUMMARY JUDGMENT IN PART

Before the Court is Defendant's Motion to Dismiss in Part, or in the Alternative for Summary Judgment in Part (Doc. 25), filed June 27, 2008. Plaintiffs responded in opposition on August 4, 2008 (Doc. 34). The Court held a hearing on the Motion on August 28, 2008. For the reasons set forth below, Defendant's Motion is GRANTED IN PART and DENIED IN PART.

### Background

Plaintiffs' land borders the United States Fish and Wildlife Services' ("FWS") Lower Hatchie National Wildlife Refuge ("the Refuge"). A dispute over the location of the boundary lines between the Refuge and Plaintiffs' land is the subject of a pending quiet title action. In November

2002, Plaintiffs constructed wells in an area which both parties now claim to own. (Compl. ¶ 18.) On November 18, 2004, Zachary Green, a FWS agent, went onto the land, dismantled Plaintiffs' well, and seized Plaintiffs' equipment. (Waits Decl. ¶ 16; Tankersley Decl. ¶ 12.) The equipment was returned to Plaintiffs on September 11, 2007, after Plaintiffs filed this lawsuit. (Green Decl. ¶ 6; Burlison Decl. ¶ 18.) Plaintiffs seek damages for "illegal trespass" and "negligent/unlawful destruction, disassembly, seizure, conversion, and detention of [their] private property and impairment of [their] private property rights."[1] (Compl. ¶ 28.) Defendant argues that Plaintiffs' tort claims must be dismissed, pursuant to Federal Rule of Civil Procedure 12(b)(1), because the Court lacks subject matter jurisdiction over these claims.

## 12(b)(1) Standard

In order to survive a Rule 12(b)(1) motion for dismissal, the plaintiff has the burden of proving that the court has subject matter jurisdiction. Moir v. Greater Cleveland Reg'l Transit Auth., 895 F.2d 266, 269 (6th Cir. 1986). If subject matter jurisdiction is based on contested facts, the court has "wide discretion to allow

---

[1] Plaintiffs' tort claims were originally brought in a separate lawsuit, Case No. 2:07-cv-07-2439, which was consolidated with this case on July 3, 2007 (Doc. 16).

affidavits, documents and even a limited evidentiary hearing to resolve disputed jurisdictional facts." <u>Ohio Nat'l Life Ins. Co. v. United States</u>, 922 F.2d 320, 325 (6th Cir. 1990); <u>see also</u> <u>RMI Titanium Co. v. Westinghouse Elec. Corp.</u>, 78 F.3d 1125, 1134 (6th Cir.1996) (court may weigh the evidence in determining whether it has power to hear the case). "If satisfaction of an essential element of a claim for relief is at issue, however, the jury is the proper trier of contested facts." <u>Arbaugh v. Y & H Corp.</u>, 546 U.S. 500, 514 (2006). If a court determines that it lacks subject matter jurisdiction, "the court must dismiss the action." Fed. R. Civ. P. 12(h)(3).

<u>Analysis</u>

Under the Federal Tort Claims Act ("FTCA") the district courts have subject matter jurisdiction over "claims against the United States, for money damages . . . for injury or loss of property . . . caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment" if a private person could be held liable for those acts or omissions. 28 U.S.C. § 1346(b)(1). The FTCA's broad waiver of sovereign immunity is limited by the "detention of goods" exception, under which the United States generally cannot be sued for money damages on claims

"arising in respect of . . . the detention of goods, merchandise, or other property by any . . . law enforcement officer."  28 U.S.C. § 2680(c).

Plaintiffs' complaint does not enumerate in separate counts their causes of action.  Although Defendant's Motion treats Plaintiffs' complaint as containing a single, unspecified "tort claim," the Court's review of the complaint reveals claims based on: (1) trespass; (2) "negligent/unlawful destruction [and] disassembly" of personal property ("negligence claim"); (3) unlawful seizure; (4) conversion; and (5) unlawful detention of property.

Plaintiffs' trespass and negligence claims come within the FTCA's broad waiver of sovereign immunity for wrongful or negligent acts of government employees acting within the scope of their employment.  See Hatahley v. United States, 351 U.S. 173 (1956) (FTCA permits trespass actions against United States for actions of its agents).  Zachary Green, a United States law enforcement officer, was acting within the scope of his employment when he entered the disputed tract of land and removed Plaintiffs' well equipment.[2]  The

---

[2] Plaintiffs do not concede that Mr. Green is a law enforcement officer. (Pls.' Resp. in Opp. 16.)  Whether Mr. Green is a law enforcement officer is a factual issue to be resolved by the Court because it is a jurisdictional fact which is not an essential element of Plaintiffs' tort claims.  See Arbaugh v. Y & H Corp., 546 U.S. 500, 514 (2006).  In

"detention of property" exception does not apply to these claims because they do not arise from FWS's detention of Plaintiffs' property. Accordingly, Defendant's Motion is DENIED with respect to Plaintiffs' trespass and negligence claims.

Plaintiffs' remaining three claims (unlawful seizure, conversion and unlawful detention of property) arise from FWS's detention of Plaintiffs' well equipment. Accordingly, the "detention of property" exception of 28 U.S.C. 2680(c) applies to these claims.[3] An exception to the "detention of property" exception re-waives sovereign immunity for claims "based on injury or loss of goods, merchandise or other property, which in the possession of . . . any law enforcement officer" if certain conditions are satisfied. 28 U.S.C. 2680(c).[4] The first of these

---

Ali v. Federal Bureau of Prisons, 128 S. Ct. 831 (2008), the Supreme Court held that 28 U.S.C. § 1680(c) applied to all federal law enforcement officers. The declarations of Mr. Green and Mr. Cook indicate that Mr. Green is employed as a Special Agent by the United States FWS. (Green Decl. ¶¶ 1-2; Cook Decl. ¶ 6.) Plaintiffs have presented no evidence to contradict these declarations. The Court, therefore, finds that Mr. Green is a law enforcement officer for purposes of the FTCA.

[3] Plaintiffs cite several cases for the proposition that claims for conversion are actionable against the United States under the FTCA. (Pls.' Resp. in Opp. 11.) CHoPP Computer Corp. v. United States, 5 F.3d 1344, 1347 (9th Cir. 1993) and Nottingham, Ltd. v. United States, 741 F. Supp. 1447 (C.D. Cal. 1990), however do not address the § 1680(c) exception. The conversion analysis in United States v. Real Property known as 2916 Forest Glen Court, Beavercreek, 162 F. Supp. 2d 909, 915-16 (S. D. Ohio 2001) relied on Kurinsky v. United States, 33 F.3d 594, 596 (6th Cir. 1994), which was overruled by the Supreme Court in Ali, 128 S. Ct. 831.

[4] The four conditions are: "(1) the property was seized for the purpose of forfeiture under any provision of Federal law providing for the

conditions is that the "property was seized for the purpose
of forfeiture under any provision of Federal law providing
for forfeiture of property other than as a sentence imposed
upon conviction of a criminal offense[.]" 28 U.S.C.
2680(c)(1).

Whether Plaintiffs' property was seized for the
purpose of forfeiture is a jurisdictional fact for the
Court. Arbaugh, 546 U.S. at 514; Ohio Nat'l Life Ins. Co.,
922 F.2d at 325. Defendant argues that Mr. Green seized
Plaintiffs' property pursuant to federal regulations which
prohibit leaving property on land owned by the Refuge (50
C.F.R. § 27.93 and 50 C.F.R. § 28.41) and prohibit persons
from constructing structures or obstructions on Refuge land
(50 C.F.R. § 27.92).

Plaintiffs argue that these regulations would not
justify seizure of their property because, among other
things, the well equipment was not abandoned and the well
was not built on Refuge land. Plaintiffs argue that "the
fact that the property was withheld . . . for over three
years" and only returned when the U.S. Attorney's Office

forfeiture of property other than as a sentence imposed upon conviction
of a criminal offense; (2) the interest of the claimant was not
forfeited; (3) the interest of the claimant was not remitted or
mitigated (if the property was subject to forfeiture); and (4) the
claimant was not convicted of a crime for which the interest of the
claimant in the property was subject to forfeiture under a Federal
criminal forfeiture law." 28 U.S.C. § 2680(c)(1)-(4).

directed Mr. Cook to return it is evidence that the seizure was for the purpose of forfeiture. (Pls.' Resp. in Opp. 19.) Plaintiffs do not, however, point to a "provision of Federal law providing for the forfeiture of property" which might have been the purpose of the seizure. Accordingly, they have failed to establish the first element of FTCA's re-waiver of sovereign immunity. See 28 U.S.C. 2680(c)(1).

Plaintiffs are correct that there is a dispute over whether the well equipment was on Refuge land. The seizure and detention of Plaintiffs' property may have been unlawful. The issue on a 12(b)(1) motion, however, is whether Plaintiffs are permitted to seek money damages from the United States for these allegedly unlawful acts. The merits of Plaintiffs' claims are irrelevant to this inquiry. The United States has not waived sovereign immunity for Plaintiffs' seizure, conversion, and unlawful detention of property claims. This Court is therefore without jurisdiction to hear Plaintiffs' claims.

For these reasons, Defendant's Motion is GRANTED IN PART and DENIED IN PART. Plaintiffs' claims for seizure, conversion, and unlawful detention of property are DISMISSED with prejudice. Plaintiffs' remaining tort claims for trespass and negligent destruction of property may proceed.

SO ORDERED this 20th day of November, 2008.

/s/ JON P. McCALLA
United States District Judge